# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN GOMEZ NORIEGA,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF JERSEY CITY, et al.,<br><br>Defendants. | Civil Action No.<br><br>24-cv-10599 (WJM) (JRA)<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on **June 6, 2025**, and for good cause shown:

**IT IS, on this 23rd day of June 2025, ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before exchanged **July 21, 2025**.

### II. E-DISCOVERY CONFERENCE

2. An e-Discovery conference, if necessary, pursuant to L.Civ.R. 26.1(d) shall take place on or before **July 28, 2025**.

### III. DISCOVERY

3. Fact discovery is to remain open through **January 5, 2026**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

4. The parties may serve initial requests for production of documents and interrogatories on or before **August 11, 2025**, to be responded to within thirty (30) days of receipt. Consistent with Fed. R. Civ. P. 33(a)(1), the parties are limited to twenty-five (25) interrogatories, including all discrete subparts.

5. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **January 5, 2026**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

6. Counsel shall confer in a good faith attempt to resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L.Civ.R. 37.1(a)(1); see also L.Civ.R. 16.1(f)(1). Should such efforts fail to resolve the dispute, the parties must raise the discovery dispute through a joint letter and shall do so in a manner consistent with the Court's Case Management Order, available at https://www.njd.uscourts.gov/sites/njd/files/JRAPreferences.pdf.

Failure by any party to meet and confer in good faith or participate in the joint letter protocol will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

**No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.**

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **December 5, 2025**. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

### IV. DISCOVERY CONFIDENTIALITY ORDERS

7. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L.Civ.R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Counsel are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules. If the parties submit a confidentiality order that differs from Appendix S, they must submit: (1) a clean version of the proposed order that is ready for signature; and (2) a redline version that indicates the differences between the proposed order and the Appendix S order.

## V.  FUTURE CONFERENCES

8. There shall be a telephonic status conference before the undersigned on **November 13, 2025, at 2:30 p.m.** In advance of the conference, but no later than **November 6, 2025**, the parties shall file a joint status letter setting forth the status of completing discovery and any other issue that the Court needs to consider during the telephonic status conference. The Court will provide the parties with the dial-in information in advance.

9. The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

10. All counsel are required to be on time and ready to proceed for all scheduled proceedings. In cases where the Court schedules telephonic status conferences involving incarcerated litigants, opposing counsel is directed to coordinate with the prison facility to have all parties on the conference call ahead of time and shall initiate the call at the scheduled time with all parties present.

11. Counsel should be prepared to discuss settlement at every conference with the Court. For settlement conferences, the senior attorney in charge of the case and the client(s) with full settlement authority must attend. In cases involving insurance companies and other corporate or business entities, the executive with settlement authority must be available for the conference. The Court encourages junior attorneys to take an active role at hearings so that they may hone their legal skills, particularly where the junior attorney played a substantial role in drafting the underlying filing. However, to ensure speedy resolution of disputes, a senior attorney must ensure that the junior attorney is adequately prepared.

12. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

13. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## VI.  MOTIONS

14. **No non-dispositive motions are to be filed without prior written permission from this Court, except motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met. All motions, if permitted, shall comply with

3

L.Civ.R. 7.1 and other applicable local and federal rules. As to dispositive motions, the parties shall refer to the preferences of the assigned District Judge.

15. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **October 8, 2025**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

16. Discovery generally must be completed prior to the filing of a dispositive motion.

## VII. EXPERTS

17. All affirmative expert reports shall be delivered by **February 16, 2026**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

18. All responding expert reports shall be delivered by **March 18, 2026**. Any such report shall comport with the form and content requirements referenced above.

19. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **April 17, 2026**.

20. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VIII. FINAL PRETRIAL CONFERENCE

21. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned**.

22. At least forty-five (45) days before the Final Pretrial Conference, all counsel are directed to meet and confer before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

23. The original of the Final Pretrial Order shall be sent to Chambers via email at jra_orders@njd.uscourts.gov not later than **fourteen (14) full business**

**days** before the final pretrial conference.  All parties are responsible for the timely submission of the Final Pretrial Order.

    24.    **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

                                          _____
                                          HON. JOSÉ R. ALMONTE
                                          UNITED STATES MAGISTRATE JUDGE

Original:    Clerk of the Court
      cc:    Hon. William J. Martini, U.S.D.J.
              All Parties