CALCAGNI KANEFSKY LLP
LITIGATION / INVESTIGATIONS

PAUL KINGSBERY PARTNER
C. 917.580.2400 O. 862.208.1811 pkingsbery@ck-litigation.com ck-litigation.com

November 18, 2026

**BY ECF**

Honorable José R. Almonte
United States Magistrate Judge
Frank R. Lautenberg U.S. Post Office
& Courthouse Building
2 Federal Square
Newark, New Jersey 07102

**Re:** ***Jonathan Gomez Noriega v. The City of Jersey City, et al.***
**No. 2:24-cv-10599-WJM-JRA (D.N.J.)**

Dear Judge Almonte:

We write jointly on behalf of Defendants The City of Jersey City and Mayor Steven Fulop ("Mayor Fulop") (collectively, "Defendants") and Plaintiff Jonathan Gomez Noriega ("Plaintiff") to provide an update on the case ahead of the status conference currently scheduled for November 25, 2026. *See* ECF No. 90.

The parties have completed fact discovery, including all written discovery and depositions, and are prepared for expert discovery in accordance with the Fifth Amended Scheduling Order. ECF No. 87. The parties will continue to confer in good faith and work together regarding the expert discovery schedule, which is set to end on February 22, 2027. *Id.*

The parties have not engaged in any settlement discussions recently.

## I. Plaintiff's Position

Discovery has borne out Plaintiff's claims. The record shows that Mayor Fulop ended Plaintiff's employment because of Plaintiff's association with, and support for, his sister's political campaign. The Mayor's own contemporaneous public statements explained the termination in exactly those terms, and none of them mentioned the recording on which Defendants now rely. The City's witnesses identified no policy prohibiting an employee from supporting a candidate, and Plaintiff's personnel record carries no confidential or policymaking designation. Judge Martini has already held that whether party affiliation was an appropriate requirement for Plaintiff's position is a factual question to be resolved on the discovery record, ECF No. 21 at 8, and he expected discovery to address the dispute over the recording, *id.* at 11. That record presents, at a minimum, genuine disputes of material fact on both of the grounds Defendants identify. Plaintiff will oppose any motion for summary judgment and will respond to any pre-motion request in accordance with Judge Martini's Judicial Preferences.

**II. Defendants' Position**

Discovery has materially strengthened Defendants' position. Following the close of expert discovery, Defendants intend to move for summary judgment on all remaining counts. Defendants will move, at a minimum, on the following grounds: (1) Plaintiff was terminated for the contemporaneous recording and subsequent publication of a private phone call with Mayor Fulop—not for any political purpose; and (2) alternatively, "party affiliation [wa]s an appropriate requirement for the effective performance" of Plaintiff's position as Aide to the Mayor. *See Boyle v. County of Allegheny*, 139 F.3d 386, 396 (3d Cir. 1998). Consistent with Judge Martini's Judicial Preferences governing motion practice, Defendants intend to request a pre-motion conference before Judge Martini upon the conclusion of expert discovery.

Respectfully submitted,

| | |
|---|---|
| /s/ Paul C. Kingsbery | /s/ Ronald D. Coleman |
| Paul C. Kingsbery<br>Calcagni & Kanefsky LLP | Ronald D. Coleman<br>Coleman Law Firm, PC |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

*cc: All counsel of record by ECF.*